## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARSHALL WILLIAMS**, | ) | CASE NO. 1:22-CV-01211 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| **WARDEN DOUGLAS FENDER**, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION** |

On July 11, 2022, Petitioner Marshall Williams ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  On October 31, 2023, Magistrate Judge Jonathan Greenberg filed a Report and Recommendation ("R&R"), recommending that the Court deny and dismiss the Petition.  (ECF No. 10).  Local Rule 72.3(b) allows for objections to a magistrate judge's report and recommendation provided they are filed within 14 days of the order.  Petitioner filed his objection to the R&R on December 18, 2023. (ECF No. 12). In its discretion, the Court has not rejected the objection as untimely.  Upon consideration of Petitioner's objection and a *de novo* review of the portions of the record to which Petitioner has objected, the Court **ADOPTS** the R&R in its entirety and **DENIES** and **DISMISSES** the Petition.

### I.     FACTUAL BACKGROUND

Magistrate Judge Greenburg's R&R provides a thorough account of the events preceding the Petition.  This Court will only briefly summarize the relevant factual and procedural history.

1

A Cuyahoga County Grand Jury indicted Petitioner for eight counts of various drug-related offenses on December 10, 2018.[1]  (ECF No. 10, PageID #514).   His wife, Shawnte Williams, was indicted on three counts of similar drug-related offenses.  *State v. Williams*, No. CR-18-634683-A, 2020 WL 3606380, at *1 (Ohio Ct. App. July 2, 2020).   Petitioner pleaded guilty to one first-degree felony (amended to reflect a lower substance weight) and one fourth-degree felony; the State dismissed the other charges.  (ECF No. 10, PageID #515).  On February 27, 2019, the trial court sentenced Petitioner to nine years in prison.[2]  (*Id.*).   Throughout the trial court proceedings, Petitioner and Mrs. Williams were jointly represented by privately retained counsel.  (ECF No. 12, PageID #554).

Petitioner appealed to the Ohio Eighth District Court of Appeals alleging four assignments of error, which were rejected on April 9, 2020.  (ECF No. 10, PageID #516).  Petitioner filed a pro se motion to reconsider his fourth assignment of error regarding ineffective assistance of counsel due to dual representation in the appeal.  (*Id.*). The appellate court accepted the application for reconsideration, but ultimately denied Petitioner's assignment of error and upheld the trial court's sentence.  (*Id.*).

Petitioner appealed to the Supreme Court of Ohio, raising the following proposition of law for the Court to review:

---

[1] Mr. Williams' charges were: (1) Aggravated Drug Trafficking with a forfeiture specification, a first-degree felony O.R.C. 2925.03(A)(2); (2) Drug Possession with a forfeiture specification, a first-degree felony O.R.C. 2925.11(A); (3) Drug Trafficking with a forfeiture specification, a fifth-degree felony O.R.C. 2925.03(A)(2); (4) Drug Possession with a forfeiture specification, a fourth-degree felony O.R.C. 2925.11(A); (5) Drug Possession with a forfeiture specification, a fifth-degree felony O.R.C. 2925.11(A); (6) Possession of Criminal Tools with a forfeiture specification, a fifth-degree felony O.R.C. 2923.24(A); (7–8) two charges of Permitting Drug Abuse Possession, a fifth-degree felony O.R.C. 2925.13(B).

[2] The trial court amended the sentence on March 25, 2019; however, it did not affect the length of Petitioner's incarceration.  (ECF No. 10, PageID #515).

> A trial court has a duty to inquire into the possible conflict of interest created by an attorney's dual or multiple representation of codefendants in a criminal case.

(*Id.* at PageID #517).  The Ohio Supreme Court affirmed the appellate court's decision.  (*Id.*).  Petitioner did not seek certiorari in the United States Supreme Court.  (*Id.* at PageID #518).  Petitioner filed a pro se Petition for Writ of Habeas Corpus on July 11, 2022, raising a single ground for relief:

> **THE DECISION OF THE STATE COURT[']S HOLDING THAT, WHERE A TRIAL COURT DID NOT KNOW, AND SHOULD NOT REASONABLY HAVE KNOWN, OF A POSSIBLE CONFLICT OF INTEREST IN PETITIONER'S ATTORNEY'S REPRESENTATION OF TWO OR MORE CO-DEFENDANTS CHARGED WITH A CRIME, THE TRIAL COURT HAD NO AFFIRMATIVE DUTY TO INQUIRE WHETHER A CONFLICT OF INTEREST EXISTS, IS CONTRARY TO OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.**

(ECF No. 1, PageID #6).

Magistrate Judge Greenberg denied the Petition, holding "the Ohio Supreme Court's determination on joint representation is not contrary to or an unreasonable application of clearly established Federal law . . . ."  (*Id.* at PageID #530).  On December 18, 2023, Petitioner filed an objection to Magistrate Judge Greenberg's R&R, stating "the trial court's failure to perform its affirmative duty to inquire into any possible conflicts in the dual representation of Petitioner and his wife, which it reasonably should have known existed, cannot be considered consistent with clearly established law."  (ECF No. 12, PageID #556).

## II.  LEGAL STANDARD

Magistrate Judge Greenberg's R&R addresses Petitioner's sole claim.  Similarly, Petitioner objects only to the finding that a trial court has no independent duty to investigate a possible conflict of interests based on dual representation.  (*See* ECF No. 12).  District courts review a

report and recommendation differently depending on whether there is an objection to the report. If there is no objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). However, when an objection is filed, the district court conducts a *de novo* review of the portions of the report and recommendation to which objections have been raised. A district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07cv2663, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).

Petitioner raised a specific objection to Judge Greenberg's ruling. (*See* ECF No. 12). Accordingly, this Court will review *de novo* the responsibilities of a trial court when counsel jointly represents co-defendants in a criminal matter.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that district courts use when considering *habeas corpus* petitions. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The relevant portion of AEDPA states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim,

(1)　　resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)　　resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 429 U.S. 362, 405 (2000) (reiterating the AEDPA standard).

Petitioner's claims arise from an Ohio Supreme Court decision, namely *State v. Williams*, 166 Ohio St.3d 159, 2021-Ohio-3152, 184 N.E.3d 29—Petitioner's own appeal.  (ECF No. 12, PageID #554).  A state court's application of clearly established Federal law is unreasonable if "the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The decision must be "more than incorrect or erroneous . . . .  The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (quoting *Taylor,* 429 U.S. at 409).  A decision is not unreasonable "simply because [the district court] concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Taylor*, 429 U.S. at 411.

Petitioner's objection to the Magistrate Judge's R&R centers on whether the trial court has a duty to investigate counsel's potential conflicts of interest.[3]  Petitioner argues that the trial court

---

[3] In his Traverse, Petitioner argues that Justice Brunner's dissenting opinion in *State v. Williams* supports his position. (ECF No. 8, PageID #495).  Justice Brunner dissented based on an application of the Ohio constitution, which may have stronger protections for criminal defendants.  She states "The right to counsel is not protected solely by the Sixth Amendment to the United States Constitution. Article I, Section 10 of the Ohio Constitution also guarantees the right to counsel, providing that "[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." The majority decides this case solely on the Sixth Amendment." *Williams* at ¶ 24. Her analysis centered entirely on the application of Ohio law, which is outside the bounds of this Court's purview.  *See Taylor*, 429 U.S. at 404–05 ("A federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) 'contrary to . . . clearly established *Federal* law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established *Federal* law . . . .'") (quoting 28 U.S.C. 2254(d)(1)) (emphasis added).

5

should have determined if the joint representation of he and his wife created a conflict of interest for his attorney. (ECF No. 12, PageID #555). Petitioner did not object to the representation before the trial court; to the contrary, he affirmed to the trial court that he was satisfied with his attorney. *State v. Williams*, 166 Ohio St.3d 159, 2021-Ohio-3152, 184 N.E.3d 29, ¶ 17 ("When the trial court asked [Petitioner] whether he was satisfied with the representation he had received, he replied that he was. And when the trial court asked if there was anything about his case or the proceedings that he did not understand, he said no.").

The Sixth Amendment's right to counsel guarantees the right to *effective* counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). When counsel fails to provide "reasonably effective assistance" to a defendant in a criminal proceeding, that defendant's Sixth Amendment right to counsel may be violated. *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)). The Supreme Court recognizes that joint representation may create a conflict of interest. *Cuyler*, 446 U.S. at 344.

In *Cuyler v. Sullivan*, two attorneys jointly represented three co-defendants facing murder charges. *Cuyler*, 446 U.S. at 337. On a *habeas* appeal, the Supreme Court articulated a two-part test for when concurrent representation prejudices one or more defendants: absent objection to the conflict to the trial court judge, a defendant must show: (1) an "actual conflict of interest"; and (2) that the conflict of interest "adversely affected [the defendant's] lawyer's performance." *Id.* at 348. An actual conflict exists if the interests of the lawyer and at least one client diverge regarding "a material factual or legal issue or to a course of action." *Id.* at 356 n.3 (Marshall J., concurring in part). Additionally, it must "adversely affect[] counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002). Relevant here, *Mickens* expressly rejected a petitioner's argument that a conviction should be automatically reversed in the face of counsel's conflict of interest *without*

6

a showing that the conflict affected counsel's performance; the Court noted that such a rule would make "little policy sense," since the point of the *Cuyler* rule is to protect a defendant from an unreliable verdict stemming from counsel's poor performance occasioned by the conflict.  *Id.* at 172–73.

Petitioner did not object to the concurrent representation in the trial court.  (*See* ECF 10, PageID #514–15).  He now argues that the trial court had a duty to investigate potential conflicts of interest based on *Halloway v. Arkansas*, 435 U.S. 475 (1928).  (ECF No. 12, PageID #556).  In *Halloway*, counsel for the defendants objected multiple times to the concurrent representation and the trial court refused to consider counsel's objection.  435 U.S. at 484.  As explained in *Cuyler*, *Holloway* still requires a defendant to assert a timely objection to trigger the state trial court's duty to investigate the conflict.  *Cuyler*, 446 U.S. at 346.  In other words, the Supreme Court has not read the Sixth Amendment as requiring "state courts themselves to initiate inquiries into the propriety of multiple representation."  *Id.*

Absent objection, concurrent representation alone is not enough to put the court on notice of an attorney's conflict without some other indicator of potential prejudice.  Petitioner never gave the trial court cause to question the dual-representation.  Petitioner's trial counsel was privately retained rather than court-appointed.  (ECF No. 12, PageID #553).  Even absent a timely objection to the dual representation in the trial court, the Ohio Supreme Court looked to the record and considered if there were any indicia of a potential conflict of interest on the part of Petitioner's trial counsel; it determined there were not.  *Williams* at ¶¶ 16–18.  The court observed:

> Here, when the trial court asked Marshall whether he was satisfied with the representation he received, he replied that he was.  And when the trial court asked if there was anything about his case or proceedings that he did not understand, he said no.

*Id.* at ¶ 17.  Likewise, the court reviewed whether a conflict in fact existed between Petitioner and his wife and found none—their statements did not diverge, nor did Petitioner blame his wife for his conduct or indicate that the illicit substances belonged to her.  *Id.* at ¶ 19.  Absent a conflict, there can be no violation of Petitioner's Sixth Amendment right to counsel.  Therefore, the petition must be **DENIED**, and this action **DISMISSED**.

## IV.    CERTIFICATE OF APPEALABILITY

Title 28 U.S.C. § 2253 requires the Court to determine whether to grant a certificate of appealability for a claim presented in the Petition.  The relevant subsection of § 2253 states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a substantial showing, Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  If a district court dismisses constitutional claims on the merits, "petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Petkovic v. Clipper*, No. 1:14-cv-02292, 2016 WL 3950083, at *2 (N.D. Ohio, July 19, 2016).  Based on the record and relevant law, a reasonable jurist could not determine that the Ohio courts

8

incorrectly or unreasonably applied the *Cuyler* standard; Petitioner did not allege any conflict at the trial court level despite the court giving him at least two opportunities to do so.  Further, the interests of Petitioner and his wife were aligned.  Therefore, no certificate of appealability will issue from this ruling.

**V.      CONCLUSION**

For the forgoing reasons, the Court **ADOPTS** Magistrate Judge Greenberg's R&R denying Petitioner's Petition for Writ of Habeas Corpus.  The Petition is hereby **DENIED** and **DISMISSED**.  The Court further **CERTIFIES** that an appeal from this Order cannot be taken in good faith, pursuant to 28 U.S.C. § 2253.

**IT IS SO ORDERED.**

**Date: March 18, 2024**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**